# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JOHN ELLING,**

    **PLAINTIFF,**

v.                                                              1:20-cv-00306

**HONG CAI,**
**ROBERT BRUCE CARY, a/k/a**
**R. BRUCE CARY, a/k/a**
**ROBERT CARY,**
**MESA BIOTECH, INC.,**
**MESA TECH INTERNATIONAL, INC.,**

    **DEFENDANTS.**

## JOHN ELLING'S COMPLAINT FOR BREACH OF FIDUCIARY DUTY, AIDING AND ABETING BREACH OF FIDUCIARY DUTY, & SHAREHOLDER OPPRESSION

COMES NOW Plaintiff Dr. John Elling, PhD, by and through counsel, and makes this Complaint for Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, and Shareholder Oppression against Defendants Hong Cai, Robert Bruce Cary, Mesa Biotech, Inc., and Mesa Tech International, Inc.  In support of his Complaint, Dr. Elling states as follows:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff John Elling is a resident and domicile of New Mexico.

2. Plaintiff was a founder and initial shareholder of Mesa Tech International, Inc. ("MTI").

3. Elling is a former Director, as well as the former President and Chief Executive Officer of MTI.

4. Defendants Hong Cai and Bruce Cary were also founders and initial shareholders of MTI.

5. MTI was a New Mexico corporation with its principal place of business in Los Alamos County.

6. When Plaintiff resigned from MTI's board of directors, Cai and Cary were the only remaining directors and shareholders.

7. In 2015, Defendants Cai and Cary caused MTI to merge into a foreign corporation, Mesa Biotech, Inc.

8. Because of his ownership of shares in MTI, Plaintiff is now a record owner of Mesa Biotech stock.

9. Like MTI before it, Mesa Biotech has a testing laboratory in Santa Fe, New Mexico.

10. Cai is the current Chief Executive Officer of Mesa Biotech.

11. Cai maintains a residence in Los Alamos County, New Mexico, where her husband lives.

12. Cary is the current corporate secretary of Mesa Biotech as well as its Chief Science Officer.

13. Cary maintains a residence in Santa Fe County, New Mexico, where he spends every other week with his children.

14. Much of the conduct giving rise to liability herein was performed in New Mexico.

15. There is another action in this district currently pending between these Parties wherein Defendants Cai & Cary maintain they are California domiciliaries.  See Elling v. Mesa Biotech, Inc., 1:19-cv-00547 (D.N.M.) (Doc. 15).

16. Mesa Biotech's most recent valuation was $150M, making the value of the equity interests at stake in this case in the tens of millions.

17. Defendants submitted to the personal jurisdiction of this Court in Elling, 1:19-cv-00547.

18. At all material times, Cai & Cary together controlled MTI and the successor entity, Mesa Biotech.

19. Elling and MTI entered into an *Agreement for Termination of Employment by Mutual Consent and Stock Redemption* on October 11, 2010 in New Mexico.

20. The Parties agreed that the Agreement would be construed according to the laws of New Mexico.

21. Plaintiff's harms as alleged herein are separate and independent from any harm to MTI or Mesa Biotech.

## GENERAL FACTUAL ALLEGATIONS

22. Plaintiff is one of the co-founders of MTI.

23. On October 11, 2010, Plaintiff resigned as Director, President, and Chief Executive Officer of MTI and retained 3,952 shares of common stock.

24. When Plaintiff left the Company, Cai and Cary each had 20,000 shares of founders stock.

25. On July 31, 2012, MTI's articles of incorporation were amended to authorize the issuance of 10,000,000 shares and each then-outstanding share was split into 100 shares.

26. After the stock split, Plaintiff owned 395,200 shares and Cai and Cary each held 2,000,000 shares.

**2014 Interested Transactions**

27. In January 2014, Cai & Cary gave themselves each an additional 2,000,000 options in MTI.

28. At the time they each gave themselves the additional 2,000,000 options, they already controlled a combined 77.6% of the Company.

29. The 2014 grant of 2,000,000 additional options was not in conformance with the operative equity incentive plan, which had been adopted in 2012 ("the 2012 Equity Incentive Plan").

30. The 2012 EIP provided that the purpose of giving equity in the Company was for retention of employees and others serving the Company.

31. There was no retention incentive purpose in the issuance of the additional 2,000,000 options issued to Cai & Cary; they already had 2,000,000 options and had complete control of the Company.

32. MTI did not receive anything of value for the additional 2,000,000 options issued to Cai & Cary.

33. The 2,000,000 options to each Cai & Cary were issued without the consideration or approval of the Board.

34. The additional 2,000,000 options to each Cai & Cary were issued with no independent board approval.

35. There was no board action issuing the options.

36. The additional 2,000,000 options issued to Cai & Cary wrongfully reduced the cash value and the voting power of Plaintiff's interest in MTI.

**Merger**

37. In 2015, Defendants Cai and Cary caused MTI to be merged into Mesa Biotech, a Delaware corporation with a principal place of business in California.

38. Defendants did not notify the shareholders of the merger or hold a vote in spite of statutory requirements.

39. There was scant communication from MTI/Mesa Biotech until July 2016 when it made its "first annual communication" to stockholders.

**2018 Interested Transactions**

40. In March 2018, Cai & Cary gave themselves another 2,000,000 options in conjunction with a new equity incentive plan ("the 2018 Equity Incentive Plan").

41. No independent board member voted to adopt the 2018 Equity Incentive Plan.

42. The only shareholders to approve the adoption of the new EIP were Cai & Cary, who were interested in the transaction.

43. All of the options Cai & Cary gave themselves immediately vested.

44. Like with the 2014 transactions, the 2018 option grants were not in accordance with the plan's stated purpose of retention or incentivization.

45. Mesa Biotech did not get anything in return for the 2018 options granted to Cai and Cary.

46. In April 2018, Cai and Cary surrendered a portion of the options they had given themselves in 2014, though they each retained 275,865 shares (551,730 shares total).

47. The 275,865 (551,730 total) shares Defendants Cai and Cary retained are erroneously noted on Mesa Biotech's capitalization table as "uncertificated securities issued in connection with Mesa Tech International's formation in 2009."

48. There were no uncertificated shares at MTI's founding.

49. In addition to their original 2,000,000 founders' shares, the additional 4,551,730 shares (2,000,000 + 2,000,000 + 275,865 + 275,865) Defendants gave themselves in 2014 and 2018 improperly increased the shares of outstanding common stock and options in the Company from 6,922,339 to 11,474,069.

50. Cai & Cary's self-dealing diluted the value of Plaintiff's 395,200 shares of common stock by approximately one third.

51. Plaintiff suffered harm to his economic interest and voting power that is independent of any harm suffered by the Company as a result of Cai & Cary's actions.

### COUNT I:  MULTIPLE BREACHES OF FIDUCIARY DUTY

52. The allegations in all prior paragraphs are realleged and incorporated herein by reference.

53. As controlling shareholders, Defendants Cai and Cary owe Plaintiff, a minority shareholder, a fiduciary duty which entails a duty of loyalty, honesty, fairness, and complete disclosure.

54. As officers and directors, Cai & Cary also owe MTI/Mesa Biotech a fiduciary duty.

55. Cai & Cary breached their fiduciary duties to Plaintiff—including the duty of loyalty—in unfairly diluting his equity.

56. Cai & Cary benefitted themselves at the expense of Plaintiff and the other minority shareholders.

57. Cai & Cary acted contrary to the best interest of the Corporation and the shareholders generally.

58. Defendants Cai & Cary owned more than fifty percent of the voting power of MTI.

59. Defendants Cai & Cary own more than fifty percent of the voting power of Mesa Biotech.

60. Defendants Cai & Cary exercised control over the business and affairs of MTI.

61. Defendants Cai & Cary exercise control over the business and affairs of Mesa Biotech.

62. The dilution caused by Cai & Cary's self-dealing resulted in a material decrease of Plaintiff's voting power.

63. Both economic value and voting power of Plaintiff's shares was expropriated.

64. Plaintiff was damaged by Defendants' conduct outlined herein in an amount yet to be determined.

## COUNT II:  AIDING & ABETING MULTIPLE BREACHES OF FIDUCIARY DUTY

65. The allegations in all prior paragraphs are realleged and incorporated herein by reference.

66. Defendants Cai & Cary each breached fiduciary duties, including the duty of loyalty, to Plaintiff.

67. Defendants Cai & Cary each knew the other had a fiduciary duty to Plaintiff.

68. Defendants Cai & Cary provided one another substantial assistance or encouragement to violate their duties to Plaintiff, including in the 2014 and 2018 equity grants.

69. Defendants Cai & Cary knew the 2014 and 2018 equity grants were in violation of their duties of loyalty to Plaintiff.

70. Plaintiff was damaged by Defendants' conduct outlined herein in an amount yet to be determined.

## COUNT III:  SHAREHOLDER OPPRESSION

71. The allegations in all prior paragraphs are realleged and incorporated herein by reference.

72. Defendants have acted oppressively to injure, diminish, and destroy Plaintiff's minority interests in the company and to profit from Plaintiff's minority interests in violation of law by depriving him of the privileges of his ownership interest.

73. Plaintiff was damaged by Defendants' conduct outlined herein in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that the Court:

A.  Find for Plaintiff on all counts asserted herein;

B. Award Plaintiff his full damages, including the lost economic value in his shares and any available punitive damages, as well as pre and post-judgment interest;

C. Rescind any options and cancel the shares Cai & Cary gave themselves at the expense of the Company;

D. Award Plaintiff his costs and attorneys' fees to the fullest extent of the law; and

E. Award any further relief that is just and proper.

Respectfully submitted,

Law Office of Jamison Barkley, LLC

 /s Jamison Barkley
316 Garfield St.
Santa Fe, NM 87501
(505) 995-9602
jamison@jamisonbarkley.com
*Counsel for John Elling*